## ULLRICH v. SANTA ROSA NAT. BANK.

### No. 15,624; August 20, 1894.

37 Pac. 500.

Parties.—In an Action to Recover Money Deposited by plaintiff with defendant under an agreement that it is to be paid to a third person on condition that the latter deliver a deed to plaintiff within a certain time, such person is not a necessary party.

Appeal—Presumption.—Where, on Appeal, the Record Does not Contain the evidence, and findings of fact were waived, it will be presumed that the allegations of the complaint were proven, and that the affirmative allegations in the answer were not.

APPEAL from Superior Court, Sonoma County.

Action by one Ullrich against the Santa Rosa National Bank. There was a judgment for plaintiff and defendant appeals. Affirmed.

R. M. Swain and J. A. Barham for appellant; Albert G. Burnett and J. M. Thompson for respondent.

HARRISON, J.—It is alleged in the complaint that on the 9th of December, 1892, the plaintiff deposited with the defendant the sum of $750, and that at the same time it was agreed between him and one Hattie C. Brown that she would, within three weeks from that time, "furnish" the plaintiff with a deed of conveyance of certain land in Sonoma county, and that thereupon the defendant should pay her the money so deposited, and that if she should fail to so furnish the deed the defendant should return the money to the plaintiff; that said money was accepted by the defendant upon and subject to this condition and agreement; that Mrs. Brown has entirely failed to furnish the deed; that on the 26th of September, 1893, the plaintiff demanded of the defendant the return of the money, which was refused; and that the defendant, at the time of such demand, knew that Mrs. Brown had failed to furnish the deed. Judgment was asked against the defendant for the amount so deposited with it. The defendant demurred to the complaint upon the ground that there was a defect of parties defendant, in that Mrs. Brown was a necessary party to the suit. The demurrer was overruled, and the defendant answered the complaint, denying all its allegations, and setting up certain affirmative matters of defense. The cause was tried by the court without a jury. Findings of fact were waived, and judgment was rendered for the plaintiff, as prayed in his complaint. The defendant has appealed from the judgment upon the judgment-roll alone, without any bill of exceptions.

1. The demurrer was properly overruled. The complaint does not show that Mrs. Brown was in any way interested in the matter in litigation, or that her presence was necessary to a determination of the rights of the plaintiff and defendant to the money in controversy. The allegations of the complaint are to the effect that the money had been received by the defendant from the plaintiff upon the condition and agreement that, if Mrs. Brown did not furnish to the plaintiff a certain deed within three weeks from the date of the deposit, the money was to be returned to the plaintiff, and that she had not furnished such deed. This is but the ordinary averment of an agreement for the payment of money upon the happening of an event, and that the event had happened. If these

averments are true, the defendant is liable to the plaintiff for the money.

2. If there were any facts, not appearing upon the face of the complaint, which would render Mrs. Brown a necessary party, whose presence was essential to the determination of the controversy, those facts could have been presented by the defendant in its answer; and the court would thereupon, upon its motion, have ordered her to be brought in as a defendant: Code Civ. Proc., sec. 389. So, too, if Mrs. Brown had set up any claim to the money held by the defendant, the defendant could have alleged that fact in its answer; and if it could have shown the facts required by section 386, Code of Civil Procedure, it could, under the provisions of that section, have had her substituted as a defendant in its place, and procured a discharge from any liability for the money. Defendant did not, however, pursue either of these courses, but chose to defend its right to retain the money by a mere traverse of the allegations of the complaint.

3. As the record does not contain any of the evidence at the trial, and as findings of fact were waived, we must assume, in support of the judgment, that the allegations of the complaint were sustained by the proofs, and that the affirmative allegations of the answer were not so sustained. The judgment is affirmed.

We concur: Garoutte, J.; Van Fleet, J.